*LAW LIBRARY*
OF GUAM

IN THE SUPERIOR COURT OF GUAM

2012 JUL -3 AM 10: 42

ANTOINETTE L. BABAUTA )   CIVIL CASE NO. DM 498-06
Plaintiff,)
)
vs. )   **DECISION AND ORDER
REMAND**
)
EVANGELIS J. BABAUTA )
)
Defendant.)
_____ )

This matter came on before the HONORABLE ELIZABETH BARRETT-ANDERSON, Senior Judge Pro Tempore, on remand hearing. Plaintiff was represented by Attorney Tom Fisher. Defendant was represented by Attorney Jacqueline Terelaje. The Court issued an Interlocutory Decree of Divorce incorporating the Amended Findings of Fact and Conclusions of Law ("Amended Findings") on March 24, 2010, which was appealed. *Babauta v. Babauta*, 2011 Guam 15. On October 20, 2011, the Guam Supreme Court reversed the Court's decision on several issues and the case was remanded to make findings consistent with the opinion. The Court ordered the parties to submit further briefing regarding calculations required pursuant to *Babauta*. On January 25, 2012, the Court made additional findings relative to property taxes and insurance premiums, payments on community obligations from separate property, and credit for community household goods and furnishings. Husband raised the issue of credit for waste committed by Wife during the pendency of the appeal. The Court required further evidence, and hearings were conducted on April 4th and June 27th, 2012 as to the issue of waste.

Husband used his separate property to pay for the majority of community debts after separation and is entitled to reimbursement under *Babauta*. Husband paid the following community debts: $93,524.03 on the house mortgage; $3,266.00 for homeowners insurance; and $1,737.27 for real property taxes as of November 30, 2011. Dec. of Evangelis Babauta, November 31, 2011. As stated in the Court's January 25th ruing, Husband is award reimbursement for one half of the $93,524.03, or **$46,726.00**, and reimbursement for one half of the $5,003.27, or **$2,501.64**, representing post-separation property taxes and insurance premiums. The Court further ordered reimbursement for one half of the value of the cost of the thirty-thousand dollars ($30,000.00) for the purchase of community property

household furnishings and goods, or fifteen thousand dollars (**$15,000.00**). Wife may retain these furnishings. The only issue the Court requested further evidence at hearing pertained to the issue of waste, if any, during the pendency of the appeal, March 2010 to June 2012.

According to Husband the house is presently valued at $183,350.00, down from the stipulated valuation at time of trial of $220,000.00. This price is based on a Broker Price Opinion ("BPO") of comparable homes located in the surrounding vicinity. The BPO notes that the property is a non-conforming lot, and was non-conforming lot at the time of purchase during the marriage. The parties were unable to finance the purchase because of this impediment, and it continues to be an impediment to buyers wanting to finance the purchase of the house. Real Estate Broker, Joseph C. Pereda, stated that there has been a 5% drop in housing market prices on Guam since 2010, and that non-conforming houses generally have a small buyer's market requiring investors with cash purchases.

Wife testified she vacated the house in August of 2009 due to water damage, and has not lived there ever since. She made a claim for water damage and received an insurance check for $11,726.97, which she applied to replacement of personal property and repairs to the interior of the house caused by the water damage. Husband claims that Wife committed waste by failing to apply more of the insurance proceeds to repair of the house. The evidence does no support this claim. Many areas of the property are in the same condition today as they were at the time of purchase, to include: deck and wall cracks, exterior piping, over growth of vegetation, the pool pump room and surrounding exterior pool area, exterior fence wand walls, the garage. The parties admit that the house was a "fixer-upper." Other areas of the residence have deteriorated due to lack of upkeep and maintenance to include the surrounding yard and vegetation, exterior paint, interior paint, light and ceiling fixtures, trash, and the interior of the pool, but these problems do not stem from the damage caused by the 2009 insurance claim. More importantly, this issue should have been raised at trial, but to the Court's recollection it was not, and the Court will not permit it to be raised through a backdoor claim of waste.

Wife could have taken better care of the residence after she moved out through regular monthly maintenance and upkeep, including yard work and running of some utilities. At most, Wife's failure of upkeep of the house and yard has led to the need for some cleaning and maintenance, but does

not rise to the level of waste. Waste touches on some wrongful act or omission, is tort in nature involving substantial injury. *Palomo v. U.S.* 188 F. Supp. 633 (1960). There is no evidence of substantial injury to the property.

Husband provided evidence that to repair the home would cost approximately $89,000.00, but the estimate includes repairs for preexisting conditions and damages that existed at the time of purchase during the marriage. These same preexisting conditions contribute to the reduced BPO rather than any waste attributable solely to Wife after separation. At most Wife is responsible for failure of normal maintenance and upkeep during pendency of the appeal. Of the estimated repairs the Court finds the following repairs as having a bearing on Wife's failure to conduct normal maintenance on the property during pendency of the appeal: $1,500.00 for disposal and cleaning; $3,300.00 for water blasting. Husband is credited **$4,800.00**. In total Husband is credited **$69,027.64**.

The Court makes no determination of the present value of the property in the absence of a full appraisal. The parties may rely on the amount contained in the Amended Findings of Fact and Conclusions of Law as stipulated to by the parties, or they may seek their own appraisal.

The Court's January 25, 2012 decision is incorporated herein.

The parties are ORDERED to sale the property, and to apply these findings to the proceeds, or one party may agree to a mutual buy out of the other.

**IT IS FURTHER ORDERED** that counsel for Husband prepare a ***Final Decree of Divorce*** consistent with these Findings and Conclusions, nun pro tunc to date of this Decision.

**SO ORDERED**: _____JUL 0 3 2012_____ .


/s/ E. Barrett Pro
_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 0 3 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam